ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Petition of - | ) |
| | ) |
| ANHAM FZCO | ) ASBCA No. 63325-PET |
| | ) |
| Under Contract No. SPM300-20-D-4059 | ) |

APPEARANCES FOR THE PETITIONER: Richard P. Rector, Esq.
Dawn E. Stern, Esq.
Christie M. Alvarez, Esq.
   DLA Piper LLP
   Washington, DC

APPEARANCES FOR THE GOVERNMENT: Daniel K. Poling, Esq.
   DLA Chief Trial Attorney
Kelly L. Diaz-Albertini, Esq.
Lindsay A. Salamon, Esq.
Ryan P. Hallisey, Esq.
Robert L. Kieffer, Esq.
   Trial Attorneys
   DLA Troop Support
   Philadelphia, PA

ORDER PURSUANT TO RULE 1(a)(5)
DIRECTING CONTRACTING OFFICER TO ISSUE DECISION

ANHAM FZCO (ANHAM or contractor) filed, under Rule 1(a)(5), a request for an order directing the contracting officer (CO) to render a final decision (COFD) on a March 21, 2022 claim, which was later revised and resubmitted to the DLA (DLA or government) on April 6, 2022, for $34,025,193.  ANHAM requested that the CO issue a decision no later than August 8, 2022.  The government has advised that a final decision will be issued by April 20, 2023, nearly 13 months after the original claim was submitted for a final decision.  We find the government's proposed date unreasonable and direct the CO to issue a decision by December 16, 2022.

STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE PETITION

1.  ANHAM entered into Contract No. SPM300-12-D-3571 in 2012 as a subsistence prime vendor in Afghanistan.  In 2020, a subsequent contract was awarded, which extended the term of the fixed-price, commercial-item, Indefinite Delivery, Indefinite Quantity ("IDIQ") contract through April 2025.  (Petition for COFD at 1; gov't resp. to petition at 1-2)

2. In April 2021, President Joseph Biden announced the withdrawal of U.S. troops from Afghanistan (petition for COFD at 2; gov't resp. to petition at 2).

3. In the months following the announcement regarding troop withdrawal, ANHAM contacted the government to discuss what it believed was the "anticipated termination of the Contract and the related costs of the termination" (petition for COFD at 2). Although the parties held weekly calls, they could not agree on the continued performance of the contract (gov't resp. to petition at 2-3).

4. ANHAM ultimately requested the government terminate the contract for convenience. The government declined and, letters dated June 8, 2021 and July 16, 2021, informed ANHAM that it did not expect to terminate the contract. Instead, the government expected to be able to place future orders, as necessary. (Gov't resp. to petition at 3; petition for COFD at 2)

5. On March 21, 2022, ANHAM submitted a certified claim, seeking $34,025,193 for damages it alleges it suffered because DLA breached the contract by failing to acknowledge "the Contract's constructive termination." ANHAM requested the CO contact ANHAM's counsel to coordinate the delivery of the exhibits. ANHAM alleges the government did not respond to obtain the exhibits. (Petition for COFD at 2)

6. ANHAM submitted a revised claim on April 6, 2022, which appellant states was substantively the same, but better tied the claim to the submitted exhibits. The exhibits were submitted on a compact disc with the revised claim. (Petition for COFD at 2) The government does not dispute that the exhibits were attached to the revised claim.

7. On May 20, 2022, 60 days after the initial claim was submitted by ANHAM, the government sent a letter indicating that it intended to issue a final decision by April 20, 2023. The government's letter stated, "[g]iven the volume and complexity of the subject claim, coupled with the Contracting Officer's other workload and the additional ANHAM matters currently in litigation," the government would not issue a final decision until April 2023. The government expanded on the workload issue, explaining that the CO "and her teams' duties now include administration of the Subsistence Prime Vendor contracts with performance in Europe" and that the CO "is currently on extended leave through September 2022." (Petition for COFD at ex. C)

8. The government's response to the petition focuses on its need for more time on the "size and complexity" of appellant's claim (gov't resp. to petition at 1). However, the government also acknowledges the claim is only 20 pages with 17 exhibits (gov't resp. to petition at 2). In addition, the government does not mention the workload issues discussed by the CO in her response to the claim.

DECISION

When a CO receives a certified claim over $100,000, the Contract Disputes Act (CDA), 41 U.S.C. §§ 7101-7109, requires that within sixty days of receipt of the claim, the CO shall (a) issue a decision or (b) notify the contractor of the time within which a decision will be issued. 41 U.S.C. § 7103(f)(2). The CDA also requires that the decision of the CO on a contractor's claim "be issued within a reasonable time...taking into account such factors as the size and complexity of the claim and the adequacy of information in support of the claim provided by the contractor." 41 U.S.C. § 7103(f)(3). Further, "[a] contractor may request the tribunal concerned to direct a contracting officer to issue a decision in a specified period of time, as determined by the tribunal concerned, in the event of undue delay on the part of the contracting officer." 41 U.S.C. § 7103(f)(4). Board Rule 1(a)(5) implements this section providing that "[i]n lieu of filing a notice of appeal under paragraph (a)(1) or (a)(2) of this Rule, the contractor may petition the Board to direct the contracting officer to issue a decision in a specified period of time as determined by the Board."

Whether the time in which a CO states he or she will issue a decision is reasonable must be determined on a case-by-case basis. *Eaton Contract Servs., Inc.*, ASBCA Nos. 52686, 52796, 00-2 BCA ¶ 31,039 at 153,273-74 (finding eight months reasonable given the volume of documentation, number of issues, and time needed to gather information due to relocation of personnel); *Defense Sys. Co.*, ASBCA No. 50534, 97-2 BCA ¶ 28,981 at 144,326 (finding nine months reasonable when claimed amount exceeded $71 million and the narrative portion of the claim alone exceeded 162 pages); *Dillingham/ABB-SUSA, a Joint Venture*, ASBCA Nos. 51195, 51197, 98-2 BCA ¶ 29,778 at 147,557 (finding 14-16 months unreasonable for a small construction claim and an impact claim that had been extensively analyzed and audited). While the government tries to analogize the claim to those in *Eaton* and *Defense Systems Co.*, we conclude that those claims were more complex yet still required less time to issue a COFD than what the government requested in this case. As such, while we do believe there is some complexity to this case, it does not appear, on its face, to be so extraordinarily complex that it requires additional time to assess.

Additionally, the government initially stated that a large part of the reason the CO intends to issue a decision on or before April 20, 2023, is due to conflicts created by the CO's workload and other staffing issues, such as extended leave (SOF ¶ 7). However, the Board has held that "internal staffing matters are not one of the factors used to determine a reasonable time under the CDA." *Volmar Constr., Inc.*, ASBCA No. 60710-910, 16-1 BCA ¶ 36,519 at 177,905-906 (citing *Fru-Con Constr. Corp.*, ASBCA No. 53544, 02-1 BCA ¶ 31,729 ("finding the scarcity of attorneys to assist with the review of a contracting officer's final decision is a matter wholly and exclusively within the control of the government")).

The contractor submitted the initial claim on March 21, 2022 (SOF ¶ 5). It then revised and supplemented the claim on April 6, 2022, to include the exhibits it requested the government coordinate for delivery with the first claim (SOF ¶ 6). On May 20, 2022, the CO responded to ANHAM, stating that because of the claim's complexity and internal staffing issues, the CO may not issue a decision until April 20, 2023. After considering the parties' arguments, we conclude that the government's requested COFD issuance date on or before April 20, 2023, is unreasonable and represents undue delay. We also conclude that the contractor's request that the COFD issue no later than August 8, 2022, is too short for a meaningful review of the claim. Therefore, we believe that a reasonable time for the CO to issue a final decision is December 16, 2022.

<u>CONCLUSION</u>

The Board hereby directs the CO to issue a decision on the contractor's claim by December 16, 2022.

This Order completes all necessary action by the Board. If the contracting officer fails to comply with this Order, such failure will be deemed a decision by the CO denying the claim, and the contractor may appeal to this Board or sue in the United States Court of Federal Claims pursuant to the Contract Disputes Act, 41 U.S.C. §§ 7103(f)(5) and 7104.

Dated: August 19, 2022

JOHN J. THRASHER
Administrative Judge
Chairman
Armed Services Board
of Contract Appeals

I <u>concur</u>

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I <u>concur</u>

OWEN C. WILSON
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

4

I certify that the foregoing is a true copy of the Order Pursuant to Rule 1(a)(5) of the Armed Services Board of Contract Appeals in ASBCA No. 63325-PET, Petition of ANHAM FZCO, rendered in conformance with the Board's Charter.

Dated: August 22, 2022

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals